IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | |
|---|---|
| MARKUS HARVELL, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | No. 13-cv-3346 |
| ) | |
| SHERWIN MILES, Acting Warden,[1] ) | |
| Stateville Correctional Center, ) | |
| ) | |
| Respondent. ) | |

**OPINION**

**SUE E. MYERSCOUGH, U.S. DISTRICT JUDGE:**

This matter comes before the Court on Petitioner Markus Harvell's Motion to Reconsider (d/e 33) (Motion). The Motion is a motion to alter or amend judgment. Fed. R. Civ. P. 59(e). For the reasons stated below, the Motion is DENIED.

**I. LEGAL STANDARD**

Harvell asks the Court to reconsider and alter or amend the Opinion entered September 28, 2018 (d/e 31) (Opinion) and

---

[1] Sherwin Miles is the current acting warden of Stateville Correctional Center, the Illinois Department of Corrections facility in which Harvell is serving his state sentence. Therefore, the Court has substituted Miles as Respondent in this case. See Rule 2(a) of the Rules Governing Section 2254 Cases in the United States District Courts; Bridges v. Chambers, 425 F.3d 1048, 1049 (7th Cir. 2005).

Judgment entered October 2, 2018 (d/e 32). To prevail, Harvell must demonstrate a manifest error of law or fact, or present newly discovered evidence. Fed. R. Civ. P. 59(e); LB Credit Corp. v. Resolution Trust Corp., 49 F.3d 1263, 1267 (7th Cir. 1995). The Court has carefully reviewed the parties' filings and the record and finds no manifest error of law or fact in the Court's decision. Harvell also has not presented any new evidence.

## II. BACKGROUND

The Court stated the facts in detail in the Opinion. See Opinion, at 2-30. Briefly, on August 9, 2001, a man in a wig referred to as "Wig-Man" walked toward a group of people standing near the Brandon Court housing complex in Springfield, Illinois. The group of people included Petitioner Harvell. Wig-man and Harvell argued. Wig-man pulled out a 9-millimeter pistol and started shooting. At some point, Harvell pulled out a .22 caliber revolver and also started shooting. A bystander, a young boy, was shot and killed. The boy was shot with a .22 caliber bullet.

Harvell was tried for first-degree murder in a jury trial in Sangamon County, Illinois, Circuit Court. The trial began on February 5, 2002. At the conclusion of the trial, the jury convicted

Harvell of first-degree murder. Harvell was sentenced to 50 years imprisonment. See Opinion, at 2-8.

On October 3, 2013, Harvell filed this Petition Under 28 U.S.C. § 2254 for Writ of Habeas Corpus by a Person in State Custody (d/e 2) (Petition). On September 28, 2018, this Court denied the Petition. Opinion, at 42.

### III. ANALYSIS

Harvell states several grounds to alter or amend the judgment. None have merit. Harvell argues that the Court failed to consider his claims that he was denied ineffective assistance of counsel at trial and on appeal because his attorneys did not raise the insufficiency of the evidence or his actual innocence in light of his proximate cause theory of liability. Motion, at 1-6. Harvell raised these matters in his Reply to Respondent's Supplemental Answer (d/e 20). See Motion, at 2. A party may not raise issues by reply. Issues not raised in the initial pleadings are forfeited. See e.g., Narducci v. Moore, 572 F.3d 313, 324 (7th Cir. 2009).

Regardless, the Court addressed these issues. Harvell argued two points in several filings, including the Reply: (1) he was innocent because he only returned fire to defend himself from Wig-

man; and (2) he was innocent because Wig-man was guilty of felony murder. Harvell argues that Wig-man committed the felony of shooting at Harvell, and Harvell only returned fire to defend himself. The boy's death during the shooting was Wig-man's responsibility, not Harvell's.

The Court addressed both of these issues on the merits in the Opinion. The Court explained that the evidence at trial was conflicting regarding whether Harvell returned fire immediately in self-defense, or whether Harvell ran from the scene, secured a gun, and returned to the scene after a couple of minutes "intent on revenge and retribution." Opinion, at 39. The jury believed the latter. As a result, the jury determined that Harvell was not shooting in self-defense. In addition, Wig-man's possible culpability for felony murder for the boy's death did not change Harvell's culpability for firing the shot that killed the boy while seeking revenge on Wig-man. Opinion, at 39-43. Harvell's attorneys, therefore, did not fail to provide effective assistance by deciding not to argue insufficiency of the evidence or actual innocence either at trial or on appeal. Harvell fails to present any error of law or fact.

Harvell next argues that the Court erred by stating that he failed to present any new evidence. Harvell had to present new evidence to support his claim of miscarriage of justice. See Opinion, at 39-40. Harvell had submitted a redacted Springfield Police Department written statement of an inmate (Inmate) at the Sangamon County Jail dated October 18, 2001 (Inmate Statement). The Inmate made the statement to a Springfield, Illinois Police Detective Graham. Motion for Leave to Supplement New Evidence (25), attached Inmate Statement. Except for Detective Graham, all names were redacted from the Inmate Statement, including the name of the Inmate. Harvell stated that he secured the Inmate Statement post-trial though a Freedom of Information Act request. Id., at 2. Harvell argues that the Court erroneously stated in the Opinion that he did not submit any new evidence to support his Petition, when he submitted the Inmate Statement.

The Court's omission of a reference to the Inmate Statement is not grounds for relief because the Court addressed the merits of Harvell's supplemental claims of actual innocence and a miscarriage of justice even though the Court noted a lack of new

evidence. Opinion, at 40-42. The Court did not simply dismiss the claims for lack of new evidence.

Furthermore, even if the Court referred to the Inmate Statement in the Opinion, the outcome would not have changed. See Fed. R. Civ. P. 61. The Inmate Statement stated that the Inmate talked to a man in the Sangamon County Jail who said that he wore a wig at Brandon Court and "was charged with shooting at Brandon." Harvell argues that this statement by a person purported to be the Wig-man supported Harvell's "innocence-proximate cause theory-and sufficiency of the evidence supplemental ground." Motion at 6. The Court disagrees. The boy was killed with a .22 caliber bullet. Harvell fired .22 caliber bullets; the Wig-man fired 9-millimeter bullets. Harvell shot the boy. The jury believed the evidence that Harvell returned to the scene with his gun and fired his gun to seek retribution, not to defend himself. The Inmate Statement changed none of this. The Court's omission of the Inmate Statement from the Opinion was not a manifest error of fact or law.

Harvell argues that the Court must reconsider its decision in light of the Seventh Circuit's opinion in Jenkins v. Nelson, 157 F.3d

485 (7th Cir. 1998). The Jenkins decision provides no basis for relief. The Jenkins decision addressed jury instructions for a charge of felony murder. Jenkins, 157 F.3d at 492-95. Harvell was not charged with felony murder, so the Jenkins decision is not relevant to Harvell's conviction. Furthermore, the Court explained that Wig-man's possible culpability for felony murder for the boy's death did not absolve Harvell of culpability for shooting the boy. Opinion, at 39-42. The Jenkins decision is not relevant and does not demonstrate that the Court committed any error of law or fact.

Harvell argues that the Court should not have given the state courts' decision substantial deference under the Antiterrorism and Effective Death Penalty Act ("AEDPA") of 1996. The AEDPA states that this Court must give deference to the state court decision. This Court may not grant habeas relief unless the state court's decision was contrary to federal law; involved an unreasonable application of clearly established federal law as determined by the Supreme Court; or was based on an unreasonable determination of the facts in light of the evidence. 28 U.S.C. § 2254(d)(1), (2). The Court must follow AEDPA. There was no error.

Harvell asks, without authority, that this Court conduct an independent review of the record. The AEDPA does not authorize independent review of the record. This Court must follow the law. The Court did not err by not conducting an independent review.

Harvell argues that the Court erred in relying on <u>Edmund v. Florida</u>, 458 U.S. 782 (1982). Harvell is incorrect. The Court correctly analyzed and explained the applicability of the <u>Edmund</u> decision to this case. <u>Opinion</u>, at 40-41.

Last, Harvell states in a single sentence that this Court should grant a certificate of appealability. There was no error. The Court properly decided not to grant a certificate of appealability. <u>See Opinion</u>, at 41-42. Harvell is not entitled to relief.

### III. CONCLUSION

**For reasons stated, Petitioner Markus Harvell's Motion to Reconsider (d/e 33) is DENIED. All other pending motions are DENIED as moot. This case is CLOSED.**

**ENTER:   August 5, 2019**

*/s/ Sue E Myerscough*
**SUE E. MYERSCOUGH**
**UNITED STATES DISTRICT JUDGE**